IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No. 06-cv-00651-LTB-BNB

HARRY PTASYNSKI,

    Plaintiff,

v.

KINDER MORGAN G.P., INC.,

    Defendant.

_____

ORDER
_____

    The defendant, Kinder Morgan G.P., Inc. ("Kinder GP") moves for an order transferring this case to the Southern District of Texas. The motion is adequately briefed and oral argument would not materially aid its resolution. For the reasons stated below, I GRANT the motion.

    Harry Ptasynski, the plaintiff, asserts claims arising out of Kinder GP's alleged failure to pay adequate royalties for carbon dioxide extracted from a field known as the McElmo Dome Unit, in which Mr. Ptasynski has an interest. Kinder GP is the general partner of Kinder Morgan CO2 Company, L.P. ("Kinder Partnership"). Currently pending in the Southern District of Texas is a lawsuit to which the Kinder Partnership and Mr. Ptasynski, among others, are parties. That case arises out of allegations substantially similar to those pressed here.

    In the Texas action, which results from the consolidation of a lawsuit filed in that district and a lawsuit filed here and transferred there, Mr. Ptasynski has alleged that the Kinder Partnership, with purported co-conspirators, including Kinder GP, fixed prices and made material

misrepresentations to interested parties and governments; wrongfully deducted transportation expenses from royalties owed to Mr. Ptasynski and other owners of property interests in the McElmo Dome Unit; wrongfully concealed those deductions from taxation authorities, including the Colorado and federal governments; falsified reports of profits and expenditures; and employed fraudulent accounting schemes to avoid paying royalties and taxes.  Mr. Ptasynski in his Complaint here reiterates many of the same factual assertions and alleges that Kinder GP and its purported co-conspirators illegally fixed carbon dioxide prices; wrongfully deducted transportation expenses from royalties owed to him; falsified reports of profits and expenditures; and employed fraudulent accounting schemes to avoid paying royalties and taxes.

Kinder GP invokes the first-to-file rule and argues that I should avoid interfering in the resolution, currently proceeding in the Southern District of Texas, of the dispute underlying this action.  *Product Eng'g & Mfg. v. Barnes*, 424 F.2d 42, 44-45 (10th Cir. 1970).  I agree.  The issues raised in this action and the Texas action are identical.  Though Kinder GP is not a party to the Texas action, it is the general partner of the Kinder Partnership and will be bound by any judgment in that case.  Indeed, Mr. Ptasynski has sued Kinder GP only for acts allegedly undertaken in its capacity as the general partner of the Kinder Partnership, which alleged acts predicate the Texas action.

Mr. Ptasynski points out that his causes of action here arise out of Colorado state law and that the Texas action involves federal claims.  However, he disputes neither that the two cases involve identical factual issues nor that the legal questions overlap.

Mr. Ptasynski argues that venue over this action properly lies in Colorado.  However, the mechanism for remedying improper venue is a motion made in the first-filed action pursuant to

Rule 12(b)(3) or 28 U.S.C. § 1404, not the initiation of an identical action in the desired forum. *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163-1164 (10th Cir. 1982), *cert. denied*, 456 U.S. 1007, 102 S. Ct. 2299, 73 L. Ed. 2d 1302 (1982).

Mr. Ptasynski points out that he filed a notice of voluntary dismissal of his claims in the Texas action. However, I note that the judge in that case declined to dismiss Mr. Ptasynski from the case, expressing his suspicion that Mr. Ptasynski would file in another forum, as he has done. If, as appears, Mr. Ptasynski disagrees that the judge had the authority to keep him in that case, recourse is to the Fifth Circuit, not to this Court.

Kinder GP has filed a motion for a more definite statement. I leave this procedural matter to the transferee court. *Sutter Corp. v. P & P Indus.*, 125 F.3d 914, 920 (5th Cir. 1997).

Accordingly, it is ORDERED that:

1) the motion for transfer is GRANTED; and

2) this case shall be transferred to the Southern District of Texas.

Dated: May   18  , 2006, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge

3